IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| HARRY NEAL MCMILLIAN, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| HARRY NEAL MCMILLIAN, | § | |
| | § | Civil Action No. 4:13-cv-0807-O |
| Appellant, | § | |
| v. | § | |
| | § | Bankruptcy No. 11-47029-dml7 |
| | § | |
| DONAL R. SCHMIDT, THIMOTHY | § | |
| S. WAFFORD, LAWRENCE | § | |
| MAESTRI, and THOMAS AIGNER, | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER**

This appeal arises from the dismissal of an involuntary bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code), filed by Thomas Aigner ("Aigner") against alleged debtor Harry Neal McMillan ("McMillan"). The bankruptcy court dismissed Aigner's involuntary petition pursuant to Section 303 of the Code. Bankruptcy Record ("BR"), Vol. II at 29-30 (Petition), 61-64 (Dismissal Order). In the Dismissal Order, the bankruptcy court found that Aigner was not a qualified petitioner since, pursuant to a Joint Prosecution Agreement with non-parties Donal R. Schmidt ("Schmidt") and Thimothy S. Wafford ("Wafford"), Aigner had effectuated a "transfer" of a claim for the purpose of commencing a case in violation of

1

Federal Rule of Bankruptcy Procedure 1003(a). BR Vol. II at 61–64 (Dismissal Order).[1] In so ruling, the bankruptcy court stated that Schmidt and Wafford were not "petitioners," and were not before the court. *Id.* at 59 n.20 (Dismissal Order at 9 n.20). The bankruptcy court retained jurisdiction to determine any award of fees and costs to McMillan relating to the dismissal of Aigner's involuntary petition under Section 303(i) of the Code. *Id.* Section 303(i) allows a court to award attorney's fees, costs, and—if the petitioner is found to have acted in bad faith—damages to the debtor if the court dismisses the involuntary bankruptcy petition filed against the debtor. 11 U.S.C. § 303(i).

McMillan then moved for attorney's fees and costs against Aigner, as well as against non-parties Schmidt and Wafford, who had not theretofore been parties to the proceeding, and also moved to amend the Dismissal Order to remove the footnote stating that Schmidt and Wafford were not petitioners. *Id.* at 79-80 (Mot. for Atty Fees, Costs & Dam. pursuant to 11 U.S.C. § 303(i) and to Amend Order pursuant to Fed. R. Bankr. P. 59). Following a hearing, on August 22, 2013, the bankruptcy court entered an order ruling that Schmidt and Wafford were not "petitioners" for purposes of awarding McMillan relief under Section 303(i) of the Code, and declining to amend the Dismissal Order. BR Vol. I at 7-8, 13-14 (Order at 4-5, 10-11). In the Order, the bankruptcy court recognized that case law "suggests that even if Schmidt and Wafford could be deemed petitioners, McMillan would need to file an adversary complaint joining Schmidt and Wafford to attempt to seek

---

[1] On January 28, 2014, granting a motion to dismiss filed by Appellant McMillan, the Court dismissed Appellee Aigner as a party from this appeal, and dismissed with prejudice all claims asserted against him. *See* ECF No. 15, Order. Further, the Court notes that Appellee Lawrence Maestri was never a party to this appeal, and it is unclear why, at times, the parties have included him in the caption.

relief against parties other than Petitioner." *Id.* at 14 n.43 (Order at 11 n.43) (citation omitted). McMillan has appealed this decision of the bankruptcy court.

Having considered the opening, response, and reply briefs, the designated record on appeal submitted by the parties, and applicable law, and for the reasons stated below, the Court affirms the bankruptcy court's denial of McMillan's request for monetary relief under Section 303(i) against non-parties Schmidt and Wafford.

**I.**

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). The district court functions as an appellate court and applies the same standard of review used by federal appellate courts when reviewing the decisions of district courts. *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103-04 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to review for clear error. *Morrison v. Western Builders of Amarillo, Inc.* (*In re Morrison)*, 555 F.3d 473, 480 (5th Cir. 2009). A finding of fact is clearly erroneous when, although there is evidence to support it, the court is left with the definite and firm conviction that a mistake has been committed. *See id.* The clear error standard is not used when the court from which the appeal is taken applied legal principles to essentially undisputed facts. *Moore v. M/V Angela*, 353 F.3d 376, 388 (5th Cir. 2003). Conclusions of law and mixed law and fact questions are reviewed *de novo*. *Century Indem. Co. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000). The bankruptcy judge's opportunity to make first-hand credibility determinations entitled its assessment of the evidence to deference." *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 309 (5th Cir. 2003) (citation omitted).

## II.

The bankruptcy court held in its Dismissal Order that non-parties Schmidt and Wafford were not "petitioners" and not before the court. BR Vol. II at 59 n.20 (Dismissal Order at 9 n.20). In its August 22, 2013 Order, the bankruptcy court also recognized that case law "suggests that even if Schmidt and Wafford could be deemed petitioners, McMillan would need to file an adversary complaint joining Schmidt and Wafford to attempt to seek relief against parties other than Petitioner." BR Vol. I at 14 n.43 (Order at 11 n.43) (citation omitted). The Court agrees. *See, e.g., DVI Receivables XIV, LLC v. Rosenberg*, 500 B.R. 174, 177 (S.D. Fla. 2013) (where alleged debtor Rosenberg, following dismissal of the involuntary petition by bankruptcy court, sought fees and costs under Section 303(i) against petitioner and additional parties who were not parties to the proceedings up to that point, bankruptcy court "ordered Rosenberg to convert the Motion into an adversary complaint—or, in the alternative, to withdraw the Motion and file a new adversary complaint—so the court could have jurisdiction over these additional parties.") (citing *In re Rosenberg*, No. 09-13196 (Bankr. S.D. Fla. Jan. 27, 2010)); *see also Oberle v. Whitley*, 2013 WL 2250282 (Bankr. N.D. Cal. May 22, 2013) (noting that alleged debtor, following dismissal of an involuntary petition, filed adversary proceeding for attorney's fees and damages under 303(i)).

Rule 7004(a) makes Federal Rule of Civil Procedure 4 applicable to adversary proceedings. *See* Fed. R. Bankr. P. 7004(a). Service in bankruptcy cases, however, is not entirely governed by Rule 4 of the Federal Rules of Civil Procedure. Specifically, Rule 7004(b)(1) provides that, in an adversary proceeding, service may be effected upon an individual by "mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode[.]" Fed. R. Bankr. P. 7004(b)(1).

It is undisputed that McMillan did not commence an adversary proceeding against non-parties Schmidt and Wafford to obtain monetary relief under Section 303(i), but merely sought relief by motion.[2] It is also undisputed that neither Schmidt nor Wafford was served with a summons and complaint in accordance with Bankruptcy Rule 7004(b)(1). Accordingly, the bankruptcy court never had *in personam* jurisdiction over Schmidt and Wafford, because they had not appeared as parties in the proceeding below, and had not been served with process. Absent these minimum constitutional prerequisites fundamental to the guarantees of due process, as incorporated into the bankruptcy rules pursuant to Rule 7004(a), the Court holds that *in personam* jurisdiction was never established over Wafford and Schmidt and, absent compliance with Rule 7004(b)(1), entertaining McMillan's appeal would offend due process.

With this finding, the Court determines it is unnecessary to address McMillan's objections to the bankruptcy court's conclusion that non-parties Schmidt and Wafford were not "petitioners" under Section 303(i) of the Code. Nevertheless, the Court has conducted a *de novo* review of the case law cited by McMillan in support of his argument that Schmidt and Wafford are "petitioners" under Section 303(i), and examined the legal arguments made by the parties as well as the bankruptcy court's findings. Based on its *de novo* review, the Court concludes that the bankruptcy court did not commit reversible error in concluding that Schmidt and Wafford were not "petitioners," and in declining to award relief under Section 303(i) against them.

---

[2]McMillan is correct that service of the motion by mailing a copy to an individual's dwelling house or usual place of abode would satisfy Rule 7004(b)(1) in a contested matter, where there is no summons. *See, e.g., In re Parker*, 392 B.R. 490, 496 (Bankr. D. Utah 2008) ("[I]n a contested matter, the notice of hearing is treated as a summons and the motion is treated as a complaint."). As already stated above, however, the Court agrees with the bankruptcy court that, where an alleged debtor is seeking relief against non-parties, theretofore not parties to the proceeding, an adversary proceeding was necessary. Unlike service of a motion in a contested matter, in the context of an adversary proceeding, service of the complaint and summons is required. *See* Fed. R. Bankr. P. 7004(b)(1).

## III.

Based on the foregoing, the decision of the bankruptcy court is affirmed and this appeal is **dismissed**.

**SO ORDERED** this **18th day** of **March, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**